WILLIAM R. SATTERBERG, JR.
Attorney for Plaintiff
The Law Offices of William R. Satterberg, Jr.
709 Fourth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4454
Fax: (907) 452-3988
office@satterberg.net

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| STEVEN C. BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No.: |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT FOR DAMAGES UNDER FTCA**

Plaintiff, Steven C. Booth ("Booth") by and through his attorney, The Law Offices of William R. Satterberg, Jr. alleges against the Defendant, United States of America ("USA"), as follows:

**I.     INTRODUCTION**

1.     The claims herein are brought against the Defendant USA pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. §§ 1346(b), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts of an employee of the United States Government while acting within the scope of their offices and employment, under circumstances where the

United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Alaska.

2. Booth fully complied with the provisions of the FTCA, 28 U.S.C. § 2675 by timely filing Standard Form 95 with supporting materials with the appropriate Federal Agency, the Department of the Army within two years of the date of the incident. (*Exhibit 1, Standard Form 95*).

3. On January 20, 2015, the Department of the Army acknowledged receipt of this claim, but has taken no further action. (*Exhibit 2, Dept. of Army Letter*). This matter is thus ripe for adjudication pursuant to 28 U.S.C. § 2675(a).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 & 1346(b).

5. This Court has personal and subject matter jurisdiction over the Defendant USA pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

6. Venue is proper with this District under 28 U.S.C. §§ 1391(e) & 1402(b), because the acts that are the subject of this Complaint occurred within this District, and Plaintiff resides within this district.

## III. PARTIES

7. Plaintiff Booth is, and was at all times relevant to this Complaint, a resident of Delta Junction, Alaska.

8.   At all times relevant to this Complaint, the federal employee was employed by and/or acting on behalf of Defendant USA. Furthermore, the Defendant USA is responsible for the negligent acts of their employees and agents under respondent superior.

9.   Defendant USA is liable for Booth's loss of property and personal injuries caused by the negligent or wrongful acts or omissions of its employees.

10.  The federal employee was acting within the course and scope of his federal employment. (28 U.S.C. §§ 1346(b)(1), 2675, 2672, & 2679).

## IV.   EVENTS FORMING THE BASIS OF THE CLAIMS

11.  On or about January 21, 2013, at approximately 11:28 a.m., Booth was the restrained driver of a 1999 Chevy Astro van, heading southbound on the Richardson Highway in Delta Junction, Alaska. Booth activated his left turn signal, slowed to a stop, and waited for oncoming traffic to clear so he could make a left hand turn onto Jack Warren Road.

12.  Specialist Joshua Anderson, an active duty soldier in the U.S. Army, was also traveling southbound on the Richardson Highway. Spc. Anderson was operating the lead Stryker, in a convoy. As Spc. Anderson's Stryker approached Booth's location, Spc. Anderson failed to slow down and stop. While traveling at approximately 40 mph, Spc. Anderson slammed the 18-ton Stryker into the right rear of Booth's vehicle.

13.  The impact of the massive Stryker caused Booth's van to spin violently into the path of oncoming traffic. A Doyon Security truck, driven by Gerald Ownby, was unable to avoid a collision, and impacted with the rear passenger side of Booth's van.

14.  Spc. Anderson was subsequently cited for a violation of 13 A.A.C. 02.275 (Basic Speed).

---

15.     Fort Greely Fire and Emergency Services immediately responded to the scene, and after an initial evaluation, consequently transported Booth to Delta Family Medical for further medical attention.

16.     As a result of the negligence of Spc. Anderson, Booth suffered numerous physical injuries, including neck pain, lower back pain, left calf pain, left hip pain, left eye issues, headaches, and toothaches.

## V.     CAUSES OF ACTION

### COUNT I: NEGLIGENCE AND NEGLIGENCE PER SE

17.     Booth hereby reincorporates and re-alleges paragraphs 1 – 16 above and further alleges as follows:

18.     On or about January 21, 2013, a culpable agent for the USA failed to exercise due care while operating a vehicle by failing to; 1) to keep a lookout for other travelers or obstacles within or approaching his vehicle's line of travel, and 2) to control the speed and movement of his vehicle.

19.     On or about January 21, 2013 a culpable agent for the USA was negligent *per se,* and violated rules, regulations, codes, and/or statutes designed to protect persons such as Booth from the type of harm he suffered herein.  These rules include, without limit; 13 A.A.C. 02.065 (overtaking a vehicle on the left-limitations); 13 A.A.C. 02.090 (following too closely); 13 A.A.C. 02.275 (basic speed); and 13 A.A.C. 02.545 (drivers to exercise care).  See also *Green v. Plutt*, 790 P.2d 1347, 1349 (Alaska 1990) ("We can perceive of no explanation for the accident which does not include negligence on [his] part.").

20. As the direct and proximate result of Spc. Anderson's negligence and negligence *per se*, Booth suffered, and continues to suffer, damages consisting of past, present, and future medical damages, loss of earning capacity, pain, suffering, loss of enjoyment of life, anxiety, emotional distress, and other damages proximately related to the incident.

## VI. DAMAGES

21. Booth hereby reincorporates and re-alleges paragraphs 1 – 20 above and further alleges as follows:

22. At all relevant times, Booth's actions were reasonable and prudent. Additionally, Booth has mitigated his damages as required by law.

23. Booth has undergone medical treatment to alleviate symptoms of pain as a result of his injuries. Booth's related medical bills amount to $1,261.00 (*Exhibit 3, medical billing summary*). Treatments provided to Booth by health care providers have at all times been reasonable and within the standard of care for injuries sustained in the January 21, 2013, wreck.

24. Booth suffered hard dollar economic losses in an amount of, at a minimum, $3,025.00. Economic losses include, but are not limited to, the physical loss of Booth's property, a 1999 Chevy Astro van ("van"); the cost of replacing the van ($2,150.00); the destruction of Booth's prescription eyeglasses, the cost of replacing the eyeglasses ($750.00); and the actual expense of towing the van ($125.00).

25. Additionally, Booth suffered hard dollar economic losses in an amount to be determined at trial due to the loss of use of the van, which was totaled during the wreck. At the time of the wreck, Booth was attempting to start his own business as a heating technician,

using the van as a work vehicle. Prior to the wreck, Booth billed out 10 – 35 hours per week, at a pay rate of $50 - $95 per hour, with the potential to expand his client base. As a direct cause of the wreck, Booth's injuries and the destruction of his property prohibited him from expanding his business. To date, Booth has been unable to expand his business as planned due to the injuries he sustained, loss of the van, and anxiety he continues to suffer from while driving.

26.     Booth suffers from non-economic damages compensable under Alaska Statue 09.17.010, consisting of pain, suffering, inconvenience, physical impairment, loss of enjoyment of life, and other nonpecuniary damage.

27.     No person or entity not presently identified in the caption of this matter is responsible for any damages sought by Booth under Alaska Statute 09.17.080.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Booth does hereby pray that judgment be entered in his favor against Defendant USA as follows;

1.     Booth's economic and non-economic damages, including, without limit, past and future medical bills, loss of earning capacity, pain, suffering, inconvenience, physical impairment, loss of enjoyment of life, anxiety, emotional distress, and other nonpecuniary damages.

2.     Costs and attorney fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

RESPECTFULLY SUBMITTED this ___ day of April, 2016

WILLIAM R. SATTERBERG, JR.
Attorney for Plaintiff
The Law Offices of William R. Satterberg, Jr.
709 Fourth Avenue
Fairbanks, AK 99701
Phone: (907) 452-4454
Fax: (907) 452-3988
office@satterberg.net

:lw/lm

---

Case 4:16-cv-00019-HRH   Document 1   Filed 05/27/16   Page 7 of 7